UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CR122-0042

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. |
| | ) | |
| v. | ) | 18 U.S.C. § 1344 |
| | ) | Bank Fraud |
| CAMERON MILLS | ) | |
| | ) | 18 U.S.C. § 1014 |
| | ) | False Statement on a Loan |
| | ) | Application |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| | ) | |

THE GRAND JURY CHARGES THAT:

### Introduction

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions who suffered economic effects caused by the COVID-19 pandemic.

2. Among other relief efforts, the United States sought to provide financial support to eligible businesses that could be used to offset certain business expenses.

3. At all times material to this Indictment, the Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The SBA was headquartered in Washington, DC and maintained its computer servers outside of the State of Georgia. The SBA's mission was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and

by assisting in the economic recovery of communities after disasters.

4. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition, the SBA provided loans that came directly from the U.S. Government.

5. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

6. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were then used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, a business applying for a PPP loan had to provide documentation showing its payroll expenses.

7. A PPP loan application must be processed by a participating lender, such as a financial institution. If a PPP loan is approved, the participating lender

funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8. The PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal of the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time and uses a certain percentage of the PPP loan proceeds on payroll expenses.

9. Benworth Capital Partners, LLC ("Benworth Capital") was a licensed mortgage lender, headquartered in Florida, and was an approved lender authorized to receive and process PPP applications and supporting documentation, and then make loans as part of the PPP.

10. At all times relevant to this Indictment, Defendant **CAMERON MILLS**, was a resident of Georgia.

## COUNT ONE
*Bank Fraud*
18 U.S.C. § 1344

11. The Grand Jury realleges and incorporates by reference paragraphs 1-10 above in their entirety as if fully set forth herein.

12. On or about April 25, 2021, defendant **CAMERON MILLS** submitted, or caused the submission of, a PPP loan application to Benworth Capital. The loan application sought $20,833 and fraudulently represented that Defendant was the sole

proprietor of a business that had $100,000 of gross income in 2019.

13.     On or about April 25, 2021, in Richmond County, within the Southern District of Georgia, and elsewhere, defendant,

**CAMERON MILLS,**

knowingly executed and attempted to execute a scheme and artifice to defraud Benworth Capital and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of Benworth Capital by means of materially false and fraudulent pretenses, representations, and promises, to wit, false and fraudulent representations concerning the gross income of the business he purported to own.

All done in violation of 18 U.S.C. § 1344.

## COUNT TWO
*False Statement on a Loan Application*
18 U.S.C. § 1014

14.     The Grand Jury realleges and incorporates by reference paragraphs 1-10 above in their entirety as if fully set forth herein.

15.     On or about April 25, 2021, in Richmond County, within the Southern District of Georgia, and elsewhere, defendant,

**CAMERON MILLS,**

did knowingly make, or caused to be made, a false statement for the purpose of influencing the action of Benworth Capital, a mortgage lending business, in connection with his PPP loan application, when he submitted, or caused to be submitted, a loan application falsely representing that Defendant's business had $100,000 in gross income in 2019, when in truth and in fact, as Defendant well knew,

4

his purported business did not accrue that amount of gross income in 2019.

All in violation of Title 18, United States Code, Section 1014.

## COUNT THREE
*Wire Fraud*
18 U.S.C. § 1343

16. The Grand Jury realleges and incorporates by reference paragraphs 1-10 above in their entirety as if fully set forth herein.

17. In or about April 2021, in Richmond County, within the Southern District of Georgia, and elsewhere, the defendant, **CAMERON MILLS** did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises.

18. Defendant's scheme was to unjustly enrich himself by obtaining PPP proceeds under false and misleading pretenses, including by making false statements in a PPP application.

19. It was part of the scheme and artifice that Defendant, then residing in the Southern District of Georgia, caused to be submitted a PPP loan application that contained false statements about a company he purported to own. In particular, on or about April 25, 2021, Defendant caused to be submitted an electronic PPP loan application to Benworth Capital seeking $20,833. Such application falsely affirmed, among other information, that Defendant's business had $100,000 in gross income in 2019. Defendant knew these assertions to be false.

20. In reliance on false representations made in Defendant's PPP application, Benworth Capital, headquartered in Florida, approved the requested

5

loan for $20,833 on April 28, 2021 and deposited money into Defendant's bank account, and Defendant thereafter attempted to access some of these funds in Georgia.

21.  On or about April 25, 2021, in the Southern District of Georgia, and elsewhere, **CAMERON MILLS**, for the purpose of executing the scheme and artifice described above, caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds: that is, Defendant **CAMERON MILLS**, caused to be transmitted an electronic PPP application from the Southern District of Georgia to Benworth Capital in Florida, which caused Benworth Capital to deposit $20,833.00 into Defendant's account at South State Bank, headquartered in South Carolina.

All in violation of Title 18, United States Code, Section 1343.

A True Bill

_____
Foreperson

_____
David H. Estes
United States Attorney

_____
Chris Howard
Assistant United States Attorney
*Lead Counsel

_____
Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division

7